UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN MALBERG,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTINE GARCIA-SEN, et al.,<br><br>  Defendants. | Case No. 23-cv-01006-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

For the reasons discussed below, this Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that this case be dismissed without prejudice, for Mr. Malberg's failure to prosecute and failure to comply with court orders.

**REPORT AND RECOMMENDATION**

**I.   BACKGROUND**

Plaintiff Martin Malberg, who is representing himself, filed this action on March 6, 2023 and paid the filing fee. Dkt. No. 1. Upon the filing of the complaint, an initial case management conference was set for June 6, 2023. Dkt. No. 2. Mr. Malberg subsequently filed an amended complaint on April 3, 2023, purporting to name an additional defendant. Dkt. No. 3.

On May 3, 2023, the Court issued an order reminding Mr. Malberg of the deadline for service of process, the need to present summons form(s) to the Clerk's Office, and the need to keep the Court apprised of his current contact information. Dkt. No. 4. In that order, the Court directed Mr. Malberg to file by May 30, 2023 "(1) proof that he has completed service on the defendants, (2) proof that the defendants have waived service of summons, or (3) a report regarding the status of his efforts to complete service on the defendants." *Id*. That order further

advised that the Court would recommend dismissal of this action if Mr. Malberg failed to respond to the order, or to otherwise obtain an extension of time for good cause shown. *Id*. In that same order, the Court also advised Mr. Malberg of his responsibility to keep the Court apprised of his current contact information, or risk dismissal. *See id*. at 2 (citing Civil L.R. 3-11(b)).

Although he has not filed a formal notice advising the Court of alternate contact information, as a courtesy, the Court sent a copy of its May 3, 2023 order to P.O Box 540 in Silver Springs, Nevada 89429 listed on the mailing envelope docketed with Mr. Malberg's April 3, 2023 amended complaint. *See id*. The Court has not received any notice that the order sent to the Nevada post office box could not be delivered.

Although the docket indicates that the Clerk's Office subsequently issued summons forms on May 3, 2023 (Dkt. No. 5), to date, there is no indication on the docket that any defendant has been served with process, and more than 90 days have passed from the filing of Mr. Malberg's original and amended complaints. Nor did Mr. Malberg comply with the May 3, 2023 order to file a status report regarding service.

On June 1, 2023, the Court issued a notice that the June 6, 2023 initial case management conference would be conducted via Zoom webinar. Dkt. No. 7. That notice provided Mr. Malberg with the webinar access information and a link for Zoom guidance and setup. *See id*. The Court sent that notice to Mr. Malberg's address of record in Mountain View, California. As a courtesy, the Court also sent that notice to Mr. Malberg at the Nevada post office box and to the martin.malberg@stardustcap.net email address listed in his pleadings.

The Court held an initial case management conference on June 6, 2023. No appearances were made by Mr. Malberg or any defendants, either via Zoom or in person at the Court. *See* Dkt. No. 8.

On June 12, 2023, the Court issued an order directing Mr. Malberg to file a written response by June 27, 2023, showing cause why this action should not be dismissed for his failure to prosecute this case and to comply with court orders. Dkt. No. 10. That order expressly stated that "[i]f Mr. Malberg fails to respond to this order by the June 27, 2023 deadline, the Court will reassign this action to a district judge, with the recommendation that the action be dismissed

without prejudice for failure to prosecute and to comply with court orders. *Id*. at 2-3. The June 12 order to show cause was mailed to Mr. Malberg at the address of record in Mountain View, California, as well as to the Nevada post office box and the stardustcap.net email address indicated in his other filings. *See id*.

Although all of the Court's mail sent to the Mountain View address has been returned to the Court as undeliverable (Dkt. Nos. 6, 9, 11, 12), the Court has received no such notice for the papers sent to the Nevada post office box or to the stardustcap.net email address. The Court remains concerned by Mr. Malberg's failure to respond to communications from the Court, to confirm his current contact information, as well as his failure to appear at the case management conference and to otherwise comply with the Court's orders.

## II. DISCUSSION

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-33 (1962). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id*. (internal quotations and citation omitted). In view of Mr. Malberg's failure to prosecute this matter and comply with court orders, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Id*. (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. Mr. Malberg's failure to respond to or comply

1  with the Court's orders, and to prosecute this matter have delayed the resolution of this litigation.
2  Mr. Malberg's non-responsiveness and non-compliance have "consumed some of the court's time
3  that could have been devoted to other cases on the docket." *Id*.

4        Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's
5  ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*.
6  (internal quotations and citation omitted). This factor may be neutral, insofar as there is no
7  indication that defendants have been served. But while the "pendency of a lawsuit is not
8  sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to
9  the plaintiff's reason for defaulting. *Id*. at 642-43. "If a defendant is not served within 90 days
10 after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must
11 dismiss the action without prejudice against that defendant or order that service be made within a
12 specified time." Fed. R. Civ. P. 4(m). While the service deadline may be extended upon a
13 showing of good cause, Mr. Malberg has not sought an extension of time to serve defendants. Nor
14 has he responded to any court orders or notices, or explained his failure to pursue this matter,
15 despite being given ample opportunity to do so. *See* Dkt. Nos. 4, 10; *see also, e.g., Chico v. Wells*
16 *Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020)
17 (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels
18 in favor of dismissal."). *Cf. Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)
19 (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to
20 prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of
21 diligence).

22       Fourth, "a district court's warning to a party that failure to obey the court's order will
23 result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at
24 1262. The Court's May 4, 2023 order re service of process (Dkt. No. 4) and June 12, 2023 order
25 to show cause (Dkt. No. 10) expressly cautioned Mr. Malberg that this action could be dismissed
26 for his failure to comply with court orders and lack of attention to this matter. This factor weighs
27 in favor of dismissal.

28       Fifth, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs

1 against dismissal." *Pagtalunan*, 291 F.3d at 643. Even so, the other four factors weigh in favor of dismissing this action.

### III. CONCLUSION

Because not all parties have consented to the this Court's jurisdiction, it is ordered that this case be reassigned to a district judge. For the reasons discussed above, it is recommended that the newly assigned district judge dismiss this action, without prejudice, for Mr. Malberg's failure to prosecute this action and failure to comply with court orders.

As Mr. Malberg has not confirmed his current contact information for the Court, the Clerk of the Court shall mail a copy of this order to him at the address of record in Mountain View, California, as well as to the Nevada post office box and the stardustcap.net email address indicated in his other filings.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil LR. 72-3.

**IT IS SO ORDERED.**

Dated: July 5, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge